### RICHERT LEAF TOBACCO CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 13, 1922.)

#### No. 3074.

Customs duties ⊙133—Forfeiture for undervaluation supported by evidence.

Evidence *held* to support a decree of forfeiture of tobacco as having been attempted to be introduced by means of false and fraudulent invoices, especially in view of the provision of Tariff Act 1913, § 3, par. I (Comp. St. § 5527), that, if the appraised value of any merchandise shall exceed the value declared by more than 75 per cent., the entry shall be presumptively fraudulent.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Forfeiture proceeding by the United States against seven bales of tobacco. From a decree of forfeiture, the Richert Leaf Tobacco Company, claimant, appeals. Affirmed.

David Stansbury, of Chicago, Ill., for appellant.

James G. Cotter and Chas. L. Swanson, both of Chicago, Ill., for the United States.

Before BAKER and EVANS, Circuit Judges, and CARPENTER, District Judge.

PER CURIAM. Attacking the decree whereby seven bales of tobacco were forfeited to the United States, because the owner attempted to introduce into the commerce of the United States such merchandise by means of fraudulent and false invoices and declarations, appellant contends that the evidence is insufficient to support an adverse finding, and that the case is ruled by the decision in United States v. 75 Bales of Tobacco, 147 Fed. 128, 77 C. C. A. 353.

The evidence, consisting mostly of stipulated facts, justified a finding that the seven bales of tobacco were all properly classifiable as wrapper tobacco and worth more than $200 per bale; that appellant presented to the government inspectors an invoice representing the seven

bales to contain only filler tobacco, worth at the time about $40 per bale; that the difference in the tariff on wrapper tobacco and on filler tobacco was approximately $1.40 per pound; that an officer of the appellant was in Havana at the time the tobacco was shipped to the United States and inspected the tobacco; that the officer knew the grade of tobacco found in each bale.

From these facts it was not difficult, but indeed natural, to conclude that appellant attempted to enter merchandise into the commerce of the United States by means of false and fraudulent invoices. But all doubt is removed when we examine paragraph I of the Tariff Act of October 3, 1913 (Comp. St. § 5527), which in substance provides that, if the appraised value of any merchandise shall exceed the value declared in the entry by more than 75 per cent., the undervaluation shall be presumptive evidence of fraud, etc. The act under consideration in United States v. 75 Bales of Tobacco, supra, did not contain any provision similar to section I, and is readily distinguishable, for this as well as other reasons, which we need not discuss.

The decree is affirmed.